**MARK VAN PERNIS**, Plaintiff–Appellant, v. **GUY PAUL**, in his capacity as Chief of Police of the County of Hawaii; **ANTONE BASQUE**, in his capacity as Examiner of Drivers of the Police Department of the County of Hawaii; and the **COUNTY OF HAWAII; JOHN DOES 1–10**, Defendants–Appellees

NO. 13803

(CIV. NO. 87–233)

MARCH 9, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY WAKATSUKI, J.

Plaintiff–Appellant Mark Van Pernis appeals from the summary judgment in favor of Defendants–Appellees Guy Paul, in his capacity as Chief of Police of the County of Hawaii, Antone

Basque, in his capacity as Examiner of Drivers of the Police Department of the County of Hawaii, and the County of Hawaii.

Appellant was convicted of reckless driving and was thereby subject to license suspension by the Chief of Police unless he furnished proof of financial responsibility within 30 days of his conviction. *See* HRS § 287–20. Appellant submitted evidence that he had $1.3 million worth of liability insurance, but defendants refused to accept that as sufficient proof and demanded instead a certificate of insurance, a bond, a $25,000 certificate of deposit, or a certificate of self–insurance. *See* HRS § 287–21. Appellant's license was suspended.

Appellant filed a HRS § 287–2(b) appeal to the circuit court. Appellant requested a hearing pursuant to HRS § 287–2(a), but the County denied the request suggesting that the circuit court appeal was the appropriate remedy. On November 25, 1987, the circuit court ordered that appellant be given a hearing and vacated the license suspension.

The Hawaii County Police Department, on May 10, 1988, adopted relevant rules and regulations which do not allow proof of financial responsibility by methods other than those prescribed by HRS § 287–21. At the September 7, 1988 hearing, Van Pernis sought to utilize his equity in real property along with evidence of insurance, other than a certificate of insurance, as proof of financial responsibility. Appellant's proof was rejected as inadequate because it did not comply with any one of the methods prescribed by HRS § 287–21 or the rules and regulations. However, he was given 30 days to comply before his license would be suspended. Van Pernis appealed again to the circuit court. On March 28, 1989 summary judgment was granted in favor of defendants–appellees. We affirm.

Appellant contends that because the rules were only adopted after his initial attempts to submit proof of financial responsibility, they cannot be applied to him. We disagree.

There were no relevant rules prior to May 10, 1988. Therefore, the rules had to be adopted with retroactive effect if the appellant's case was to be resolved. There is no unfairness in applying these rules to appellant because this case does not involve any change in old rules that could catch appellant by surprise had he, for example, relied on old rules. Moreover, the rules could hardly be surprising to appellant inasmuch as they follow the statutorily-prescribed methods of HRS § 287–21. Finally, appellant was given thirty days after the adverse departmental decision to comply with the decision thereby eliminating any indicia of unfairness in applying the rules to him.

We are not convinced that limiting the methods of proof to only those specified in HRS § 287–21 by rules is inconsistent with the statutory scheme of HRS Chapter 287. We hold that appellant's submitted proof does not comply with any of the methods enumerated in the rules and that his license may properly be suspended.

Affirmed.

*Mark Van Pernis* of Gallup & Van Pernis for Plaintiff–Appellant.

*Joseph K. Kamelamela*, Deputy Corporation Counsel, for Defendants–Appellees Guy Paul, Antone Basque, and County of Hawaii.